# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

EDUARDO NAVEJAR,                )
  Plaintiff,                       )
                         )
  vs.                              )        No. 17-1532
                         )
GUY PIERCE, et. al.,             )
  Defendants                       )

## MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims 17 Defendants violated his constitutional rights at Pontiac Correctional Center. Plaintiff begins by explaining his complaint alleges a long standing policy and practice of using excessive force, a long standing policy and practice of deliberate indifferent to serious medical conditions, individual claims of excessive force, and individual claims of deliberate indifferent to a serious medical condition.

Plaintiff provides great detail about an incident which occurred on March 4, 2016. Plaintiff and his cell mate were told to move items off of their table, but Plaintiff refused stating it was a religious display. Plaintiff was told officers would be taking

him to the North Cell House to talk with Internal Affairs. Plaintiff stated he did not want to talk with Internal Affairs Officers, and admits he refused to follow orders to leave his cell and admits he told officers he "wasn't going calmly." (Comp., p. 19).

Plaintiff says officers pulled him toward the door, and he "pulled back….and decided to go to the ground." (Comp., p. 19). It is difficult to read the next section of Plaintiff's complaint, but he does allege Officer Bufford responded to Plaintiff's actions with excessive force when he slammed Plaintiff's head to the ground and tried to grab his throat. Plaintiff also alleges Officer Corely twisted his arms backwards and continued to twist his arms even when Plaintiff yelled that he was not resisting.

Plaintiff says he had right to remain silent and not to talk to Internal Affairs Officers. First, it is not clear Plaintiff did have a constitutional right to remain silent based on the facts alleged. Second, whether or not Plaintiff chose to speak to the officers, he clearly did not have the right to refuse direct orders to leave his cell and go to internal affairs. *See Soto v Dickey*, 744 F.2d 1260, 1270 (7th Cir. 1984)("[i]nmates cannot be permitted to decide which orders they will obey, and when they will obey them."). Nonetheless, for the purposes of notice pleading, Plaintiff has alleged Defendants Bufford and Corely reacted to his refusal to leave his cell with an excessive and unneeded use of force.

This is the only specific instance of excessive force alleged in Plaintiff's complaint and Plaintiff has not clearly articulated how this incident was the result of a particular policy or practice involving the use of excessive force at the facility. *See Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir.2005) (a single random incident of excessive force

does not establish a custom or policy); *Smith v. Dart*, 2010 WL 4116569, at *1 (N.D.Ill. October 12, 2010)(" Plaintiff's assertions of a policy of excessive force being used at the Cook County Jail is a statement of legal conclusion and is based upon a single incident."); *see also Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)(a formulaic recitation of the elements of a cause of action with merely labels and legal conclusions is insufficient to state a claim; a complaint must provide enough to raise the litigant's right of relief above a speculation level).

While not clearly alleged, Plaintiff apparently had bruises and cuts after the alleged incident of excessive force. Plaintiff again provides great detail concerning the number of people he told he needed emergency medical care. However, each had to ask Plaintiff why he needed care and several told Plaintiff to fill out a medical request slip. Plaintiff also saw medical personnel when he was provided medication who had the same response to his request. Plaintiff says he did see Dr. Tilden at some later date, but he does not indicate if any specific care was provided or needed for his injuries.

To allege an Eighth Amendment violation, Plaintiff must provide information alleging he suffered from a serious medical condition and the Defendants were deliberately indifferent to that condition. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008).

"A serious medical condition is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes v. Snyder*, 546 F.3d 516, 522–23 (7th Cir. 2008) *quoting Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005). A condition may also be

objectively serious if a "failure to treat it could result in further significant injury or the unnecessary and wanton infliction of pain." *Hayes*, 546 F.3d at 522 (quotation marks and citation omitted). Consequently, not "every ache and pain or medically recognized condition" constitutes a serious medical need. *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997).

Plaintiff has not alleged he suffered from a serious medical condition. *See Pinkston v. Madry*, 440 F.3d 879, 891 (7th Cir. 2006) ("[W]e note this court has held that injuries, such as those alleged by Pinkston—a split lip and a swollen cheek—do not rise to the level of an objectively serious medical need."); *Davis v. Jones*, 936 F.2d 971, 972–73 (7th Cir. 1991) ("No reasonable person would believe that a one-inch cut presents such a risk [of needless pain or lingering disability] unless the injured person is a hemophiliac."); *Elcock v. Whitecotton*, 434 Fed.Appx. 541, 543 (7th Cir. 2011) (nurse's assessment that scratches and bruises did not require further medical attention did not support claim for deliberate indifference); *Pinkson v. Madry*, 440 F.3d 879, 891 (7th Cir. 2006) (finding that inmate with swollen cheek and split lip from altercation did not have objectively serious medical need); *Conwell v. Johnsen*, 2016 WL 6661169, at *15 (N.D.Ill. Nov 9, 2016)(bloody nose, cuts, bruising and swelling not serious medical condition); *Haskins v. Sumulong*, 2017 WL 1178223, at *5 (N.D.Ill. March 30, 2017)(" cuts and bruises generally are not deemed to constitute serious medical needs.").

Plaintiff's complaint also fails to articulate an official capacity claim based on deliberate indifference to a serious medical condition. *See Olive v. Wexford Corp.*, 494 Fed.Appx. 671, 673 (7th Cir. 2012)("To state a claim against Correct Care Solutions, the

plaintiff must therefore "identify [a] concrete policy" or custom that caused the constitutional violation; he cannot rely solely on a conclusory policy allegation."); *see also Bingham v. Baker*, 2016 WL 8711599, at *4 (N.D.Ill. April 15, 2016)("conclusory policy allegation is not supported by a more specific allegation identifying a discrete policy that is causally linked to the deficiencies and delays in the plaintiff's medical treatment.").

Plaintiff makes reference in his complaint to the Americans with Disabilities Act and the Rehabilitation Act, but he has not provided a factual basis for claims pursuant to these statutes.

Finally, Plaintiff ends his complaint alleging Defendants have committed various "violations" including violations of his constitutional rights, international law, the Universal Declaration of Human Rights, the minimal rules for the treatment of prisoners, the "convention against Torture,"etc. (Comp., p. 29-33). However, Plaintiff filed his complaint pursuant to 42 U.S.C. §1983 and the only clear constitutional violation articulated by Plaintiff is his claim that two officers used excessive force against him on March 4, 2016.

Plaintiff is advised that he must be able to demonstrate he exhausted his administrative remedies for this claim. The Court also notes at this stage of the litigation, it is unclear whether Plaintiff received a disciplinary ticket based on his failure to follow orders or the physical altercation with Officers Bufford and Corely. Both issues will be addressed as well as potential discovery during a hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure.

Plaintiff has filed a motion asking the Court to appoint counsel to represent him. [6]. Plaintiff has no constitutional right to the appointment of counsel. In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff's motion makes reference to writing to only one specific law firm. Therefore, Plaintiff has failed to demonstrate a reasonable attempt to find counsel on his own. His motion is denied with leave to renew. [6]. If Plaintiff does renew his motion, he should provide a complete list of attorneys contacted and copies of any letters sent or received.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendant Officers Bufford and Corely used excessive force against the Plaintiff on March 4, 2016 when Officer Bufford slammed Plaintiff's head to the ground and Officer Corely twisted his arms backwards and continued to twist his arms even when Plaintiff yelled that he was not resisting. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the

case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss all Defendants except Bufford and Corely for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) deny Plaintiff's motion for appointment of counsel with leave to renew, [6]; 3) deny Plaintiff's motion for a status update as moot, [7, 8]; 4) attempt service on Defendants pursuant to the standard procedures; 5) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 6) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 4th day of April, 2018.


s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE